Mr. Justice Wylie
delivered the opinion of the court.
William J. Murtagh, in the year 1814 or 1815, was the plaintiff in an action against the District of Columbia for the recovery of a large sum of money which he claimed to be due him on a. contract. Whilst that suit was pending and on the 24th of March, 1816, this paper was filed in the cause, omitting the titling:
“ The clerk of the court will enter the above suit and case for the use of George Hill, junior, to whom I have assigned, and do here assign the same to the extent of $10,600.
“William J. Murtagh.
“ Witness: “ Charles Douglass.”
And the paper is marked as filed on the same day. Subsequently, in the same case, the following paper was signed, omitting the titling:
“The clerk will docket this case for the use of William E. Chandler.
“William J. Murtagh.
“Enoch Totten,

“Attorney for Plaintiff A

*34 That paper was filed on the 2d of March, ISTY, nearly a year subsequent to the execution and filing of the first paper which I have read, and the controversy is over a part of this fund between these claimants.
Subsequently to the filing of these assignments the case was tried, and judgment was rendered in favor of the plaintiff for something over $20,000. By consent of all parties interested, the whole amount of that judgment was placed in the hands of Mr. Totten who was the attorney for Murtagh, in the case, and the parties in interest are here claiming their respective rights to that fund.
The District of Columbia is out of the case altogether.
It has, by an unquestionable assent, permitted the fund to be distributed by this court at law and in equity also. Unless the defendant who holds the fund in controversy assents, assignments of this kind are utterly void. No man consents when he comes under obligation to another that that other may divide his claim up into half a dozen parcels, and give each assignee a right to sue him. He has a right to say, “I will pay what I owe in one sum; that is my contract.” These partial assignments, therefore, are utterly worthless, both in law and equity, unless the debtor assents to them. But after he has given his assent he is bound by it, and the court will then undertake to decide the rights between the different assignees. This doctrine is fully laid down in the case of Mandeville v. Welch, in 5th Wheaton, and the whole subject is discussed in 3d Leading Cases in Equity in a note to the case of Rowe and Dawson, beginning at page 331.
We do not think this case calls for much discussion upon that subject. The doctrine is laid down very clearly that it is not in the power of a creditor, without the consent of the debtor, to divide up his claim and apportion it out so as to give each of the assignees a right to sue him. If he chooses he may disregard all such partial assignments and pay the money to the original creditor. But that question does not arise here for the reason that both the District of Columbia and Murtagh have given their consent that the *35 parties claiming their respective interests in this fund shall have them without any question as to the right .of the title to the fund to he made in the case. All the papers show such a consent on the part of both of them, Murtagh by his assignment, and the District of Columbia by putting moneys into the hands of Mr. Totten for the use of such parties as may he entitled to them.
The question on Mr. Hill’s assignment is this: Whether this is a present assignment of $10,600 of that claim at that time, or whether it was a contract executory in Its nature that he should be paid $10,600 when the fund was realized. In other words, and in as succinct terms as I can express it, the question is, whether this is an assignment of so much of the claim — of $10,600 out of all of the claim — or whether it was an assignment of $10,600 of the claim. Had it been an assignment of $10,600 out of the claim, then of course Hill would have no right to anything beyond his $10,600. But if it was an assignment of $10,600 of the claim, then he was the owner of that much in that claim from that time forward. The language of this paper is:
“The clerk of the court will enter the above suit and case for the use of George Hill, junior, to whom I have assigned, and do hereby assign the same to the extent of $10,600.” *
We think that that paper was at that time a present assignment of $10,600 of that claim. The $10,600 has been paid to Mr. Hill — just the principal. But the question here is concerning the interest. The action of law went on and was tried, and the verdict of the jury was for twenty thous- and and some hundred dollars with interest from some date in August, 1815, until paid.
Now, if the claim itself bore interest then every part bore interest, and if we are right in our position that Hill had an assignment of $10,600 as a present interest in that much of the claim, why then that, being a part of the claim, the whole claim bearing interest, is, of course, entitled to its proportion of the interest. We do not see how it is possible to avoid this conclusion.
*36 It was very earnestly contended in the court below by counsel for complainants, (and very candidly too, but it showed that he understood, the pressure of these views when he was arguing the case), that this paper constituted nothing but an executory contract. Well, if that was so, in point of equity his position was right. If that was an executory contract then Hill was entitled only to if10,600, and there is some appearance of authority for his position. I read from 3d Leading Cases in Equity, at page 337, on that subject, whei’é it is said:
• “Every assignment of a chose in action is merely an ex-ecutory contract which equity considers as executed, and which the law, following equity, regards as conferring certain rights which the assignee is bound to respect.”
And he cites authorities and discusses the subject. The amount of it is this: That a court of law which disregards these assignments, treats them as null, yet will go so far as to hold them to be contracts binding the parties. It is not binding in any other way, but it is binding between the parties. Therefore a court will hold the parties not to the contract as expressed, for that is forbidden in their opinion as a present assignment, but as an executory contract it binds the parties to do afterward what is to be done. But at the same time( a court of equity, which always regards a thing as done which ought to be done; a thing as executed which ought to be executed, comes to a different conclusion, and it has always been the practice in equity to sustain these assignments of choses in action where the chose in action arises out of a contract. A man cannot assign to another a chance for the recovery of damages for a broken leg, or the seduction of his wife or daughter. But where the chose in action arises out of a matter of contract, it is assignable in equity, and it is assignable presently, and will be so construed. And this is a matter before us under our equity jurisdiction.
We are bound then to interpret this assignment according to its plain terms, and that is what the law calls a partial assignment of a claim. It is true, as I have said, that *37 all the parties in interest have a right to object to a partial assignment. But having assented, as has been done in this case, there is no difficulty from that source, so that we are of opinion that this paper was at its daté- — March, 1816 —a present assignment of $10,600 to Mr. Hill, and as the whole cause of action was bearing interest, it necessarily follows that his $10,600 bore interest also; but that of course no interest can be allowed subsequently to the deposit of the money in the hands of Mr. Totten.
The Chief Justice dissented.