CRANE CO., a corporation, Assignee of James B. Keister, Appellant,

v.

NATIONAL HEATING CORPORATION, Appellee.

No. 1788.

Municipal Court of Appeals for the District of Columbia.

Argued April 23, 1956.

Decided June 11, 1956.

Rehearing Denied June 21, 1956.

Milton Dunn, Washington, D. C., for appellant.

Frank Paley, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Appellant corporation, as assignee of Keister, filed suit against National Heating Corporation for moneys due. The court, sitting without a jury, gave judgment for National Heating.

The pertinent facts are these: H. C. Turner Engineering Company entered into a subcontractual agreement with National Heating to install heating and plumbing on a construction job in nearby Maryland. National Heating, in turn, contracted with Keister for the plumbing installation. The evidence showed that the contract was for $7,260 of which $5,706.60 was paid Keister by National Heating, leaving a balance due of $1,553.40. Keister testified that his contract with National Heating provided for monthly payment on a percentage basis as

the work progressed; that payment to him was contingent on Turner Engineering paying National Heating; and that he completed his part of the contract with the exception of one item. There was testimony that Keister purchased various materials from appellant and that he assigned his claim against National Heating to partially satisfy this indebtedness.

National Heating defended, claiming that Turner Engineering charged back $1,400.09 for certain work which Keister failed to perform under the contract. The president of National Heating testified as to the amount already paid Keister, the amount of the back charges, and the balance due Keister, which according to his records was $153.31.

The trial court found that since there was no showing of the amount originally due Keister from National Heating, there was a partial assignment; that consent of the debtor was not shown; and therefore appellant failed in law to make his case.

It is the majority view that the assignment of part of a debt without the consent of the debtor is enforceable against the debtor in equity but not in law, since if the assignment were enforced, the debtor would be deprived of the right to pay his debt as a whole and would be subjected to many actions and responsibilities not contemplated in his original contract.[1] However, we do not think that rule or reasoning applicable to this case. The stenographic transcript reveals an acknowledgment of the assignment by National Heating. Further, Keister testified that, to the best of his knowledge, National Heating owed him approximately $1,700. Also, there was testimony that Keister advised appellant his records showed National Heating owed him $1,621 and that this was the claim he assigned. It should be noted that appellee at no time objected on the ground that there was a partial assignment.[2] It is clear that the confusion as to the exact amount owed was caused by reason of the original parties'

1. Westham Granite Company v. Chandler, 15 D.C. 32; see also Annotation, 80 A.L.R. 413.

2. Friedman v. Griffith, Mo.App., 196 S.W. 75; Ulledalen v. United States Fire Ins. Co., 74 N.D. 589, 23 N.W.2d 856.

knowledge that there were going to be back charges, but in what amount no one seemed to know or at least no one was willing to say. Such uncertainty, under these circumstances, did not require a finding that there was a partial assignment. On the contrary, it is inherent throughout the record that the parties intended a full assignment of the claim.

We note that the testimony as to the amount of back charges was not contradicted, nor did appellant question their validity. The difference between the amount of back charges, coupled with the amount paid and the contract price ($153.31), was conceded in the testimony of the president of National Heating. Therefore, at least a finding and judgment for that amount should be entered. The case will be remanded with instructions to enter judgment for the Crane Company for $153.31.

Reversed with instructions.